Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9624 | **DATE** | April 24, 2002 |
| **CASE TITLE** | Elizabeth Sheda, et al  v  US Dept. of Treasury | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiffs' motion to remand this case to the Probate Division of the Circuit Court of Cook County is granted.

(11) ☐ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | APR 2 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 9 |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 02 APR 26 PM 2:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH SHEDA, MARIE OLSON, )
ST. ODILO CHURCH, TABOR HILLS HEALTH )
CARE FACILITIES, INC., f/k/a Bohemian Home )
for the Aged, THE CONGREGATION OF )
MARIANNHILL MISSIONARIES, )
)
Plaintiffs, )
) No.   01 C 9624
v. )
) Judge Robert W. Gettleman
THE UNITED STATES DEPARTMENT OF THE )
TREASURY BUREAU OF THE PUBLIC DEBT )
and FIRTH THIRD BANK, Independent Executor )
of the Estate of Carolyn Novak, Deceased, and as )
Successor Trustee of the Caroline Novak )
Declaration of Trust dated May 23, 1988, and its )
amendments. )
)
Defendants. )

### MEMORANDUM OPINION AND ORDER

On, November 29, 2001, plaintiffs Elizabeth Sheda, Marie Olson, St. Odilo Church, Tabor Hills Health Care Facilities, Inc. f/k/a Bohemian Home for the Aged, and The Congregation of Mariannhill Missionaries filed their petition in the Probate Division of the Circuit Court of Cook County to contest the validity of an amendment to the Caroline Novak Declaration of Trust. The Petition lists defendants Fifth Third Bank, as Independent Executor of the Estate and Successor Trustee of the Carline Novak Declaration of Trust, and the United States Department of the Treasury, Bureau of the Public Debt (the "Bureau"), as Trust Beneficiary. The petition alleges that the Trust's purported 1995 amendment, which eliminated all of the previous beneficiaries of the Trust and left the Trust's entire balance to the Bureau, is void because Caroline Novak lacked the mental capacity make or execute the amendment. On



December, 17, 2001, the Bureau removed the matter to this court pursuant to 28 U.S.C. § 1442(a)(1). Plaintiffs now seek to remand. For the reasons set forth below, plaintiffs' motion is granted.

## DISCUSSION

Plaintiffs offer two arguments to support their motion to remand. First, plaintiffs argue this court has no jurisdiction because the instant case falls within the probate exception to federal court jurisdiction. Second, plaintiffs argue that § 1442(a)(1) does not apply to the action brought in the instant case. Because the court agrees that the removal pursuant to § 1442(a)(1) was improper, plaintiffs' alternative argument will not be discussed.

28 U.S.C. § 1442(a)(1) provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminal or the collection of the revenue.

It is well established that the primary purpose of § 1442(a) is to "permit the removal of cases where federal officers are threatened with personal civil liability or criminal liability because of actions taken in pursuance of their federal duties." *Fountain Park Co-op., Inc., v. Bank of Am. Nat'l Trust & Savings Ass'n*, 289 F.Supp. 150, 154 (D.C.Calif. 1968). *See also Willingham v. Morgan*, 89 S.Ct. 1813, 1816 (1969)(stating the primary reason for the statute was to provide a federal forum in which federal officers could raise their defenses that arise out of their duty to enforce federal law); *State of New Jersey v. Moriarity*, 268 F.Supp. 546, 555 (D.N.J.

2

1967)(noting that removal was initially restricted to cases in which the federal officer's defense was that no civil or criminal liability could be attached to his action because he was simply performing his federal duties). In other words, Congress thought it best to protect federal supremacy by providing a federal forum for federal officers or agencies who or which were sued in state court for actions arising from their federal responsibilities. *Fountain Park Cooperative, Inc.*, 289 F.Supp. at 154.

Although 1442(a)(1) has been expanded to enlarge the *class* of federal defendants who are entitled to remove,[1] the *types of actions* that are removable under 1442(a)(1) have conformed to the primary purpose of the statute and, by the express language of the statute, remained restricted to instances in which the defendant is, 1) sued "for any act under color of such office", or 2) sued "on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenues." 28 U.S.C. 1442(a)(1) (2001). Thus, contrary to the Bureau's assertion, removal under § 1442(a)(1) is not absolute. *See, e.g., Ford Motor Co. v. Automobile Ins. Co.*, 13 F.2d 415, 417 (E.D.Mich. 1926)(reciting "the mere fact that defendant in a suit is an officer of a federal court does not make such suit removable."); *Crivello v. Bd. of Adjustment of Borough of Middlesex*, 183 F.Supp. 826, 827 (D.N.J. 1960)(stating "[t]he nature of the proceeding is necessarily determinative of its removability."); *Moriarity*, 268 F.Supp. at 556("a suit is not automatically removable, without regard to the nature of the relief sought, merely because . . . property in which the Federal officer or agency has an interest may be affected.").

---

[1] The statute was amended by the Federal Courts Improvement Act of 1996 to include the United States or any of its agencies. Pub.L. 104-317, Title II, § 206(a) (1996).

3

"Removal is a purely statutory right that limits the state's judicial powers; as such, its requirements must be strictly construed." *Keys By Washington v. Konrath*, 1994 WL 75037 at *1 (N.D.Ill.1994). The party asserting removal bears the burden of establishing that all of the requirements have been met. *Id.* Moreover, the Supreme Court has held that "federal officer removal must be predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989). *See also Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994)("Section 1442(a)(1) does not permit removal on the federal party's say-so; there must be a bona fide federal defense to the claim based on state law.")

The Bureau's bare assertion that removal is proper under § 1442(a)(1) is insufficient to meet its burden. Plaintiffs brought this action to contest the validity of a will and joined the Bureau only because it is listed as a trust beneficiary. As a beneficiary, the Bureau must be named pursuant to the Illinois Probate Act as a defendant. There is no allegation of any wrongdoing on the part of the Bureau, and no claim or defense arises from the Bureau's performance of its federal responsibilities. Therefore, this action cannot be classified as an action "for any act under color of such office." Moreover, the Bureau has not attempted to assert any "colorable defense" as required in *Mesa*. As a result, the case must be remanded.

## CONCLUSION

Accordingly, plaintiffs' motion to remand the instant case to the Probate Division of the Circuit Court of Cook County is granted.

**ENTER:** April 24, 2002

Robert W. Gettleman
United States District Judge

4